```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MICHAEL OSTROW, individually and as
shareholder of Genesis Illumination,
Inc.; LOREN HOBOY, individually and
as shareholder of Genesis
Illumination, Inc.; and JOHN CARR,
individually and as shareholder of
Genesis Illumination, Inc.,

                    Plaintiffs,       MEMORANDUM & ORDER
                                      13-CV-3155(JS)(GRB)
          -against-

HERBERT PARKER and GENESIS
ILLUMINATIONS, INC.[1],

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiffs:    Jeffrey B. Gold, Esq.
                   Gold Benes LLP
                   1854 Bellmore Avenue
                   Bellmore, NY 11710

For Defendants
Parker:            Robert Modica, Esq.
                   Gordon & Rees, LLP
                   90 Broad Street, 23rd Floor
                   New York, NY 10004

Genesis:           No appearances.
```

SEYBERT, District Judge:

Currently pending before the Court is defendant Herbert Parker's ("Parker") motion to dismiss the Complaint or to transfer pursuant to Federal Rules of Civil Procedure

---

[1] The caption inconsistently lists Genesis as Genesis Illumination, Inc. and Genesis Illuminations, Inc.

12(b)(2), (3), and (5) and 28 U.S.C. § 1404(a). For the following reasons, Parker's motion is GRANTED IN PART.

BACKGROUND

Plaintiffs Michael Ostrow ("Ostrow"), Loren Hoboy ("Hoboy"), and John Carr ("Carr"), individually and as shareholders of Genesis Illumination, Inc. (collectively "Plaintiffs") originally commenced this action against Parker and Genesis Illuminations, Inc. ("Genesis") in Supreme Court of the State of New York, County of Nassau. On May 31, 2013, Parker removed the case to this Court.

Plaintiffs allege that in October 2012, Parker, as CEO and majority shareholder of Genesis--a closely held private corporation--entered into a binding agreement (the "Acquisition Agreement") contracting to have Genesis Illuminations Holdings Corp. ("Holdings") acquire Genesis. (Compl. ¶¶ 7, 9.) Holdings is a FINRA-approved public corporation capable of raising money from the general public. (Compl. ¶ 11.) According to the Complaint, Genesis' Board of Directors agreed to be subject to New York State law and to jurisdiction in New York as part of the Acquisition Agreement. (Compl. ¶ 10.)

Plaintiffs maintain that their current shares of Genesis are "virtually valueless," but that their values "will increase exponentially once Genesis . . . completes the ministerial acts necessary to enable Holding's [sic] to raise

capital based upon Genesis . . . products and patents." (Compl. ¶ 12.) However, Plaintiffs allege, Parker refuses to complete those ministerial acts, despite his fiduciary duty to minority shareholders. (Compl. ¶ 14.) Plaintiffs further allege that Ostrow invested in Genesis based solely on Parker's representations that Parker would not use the money for personal expenses and that Genesis was free and clear of all liens. (Compl. ¶¶ 17-18.) According to Plaintiffs, Parker made these representations knowing that they were false and, as a result, Ostrow was defrauded. (Compl. ¶¶ 19-20.)

In addition to the foregoing claims, Plaintiffs also seek that the Court invoke its equitable jurisdiction and compel Parker and Genesis to send a copy of the Acquisition Agreement to all shareholders and "to satisfy an employee's valid and acknowledged claim." (Compl. ¶ 24.)

## DISCUSSION

Parker now moves to dismiss the Complaint on three grounds: (1) Parker was never properly served with process under New York law pursuant to N.Y. C.P.L.R. 305, 308, and 313; (2) this Court lacks personal jurisdiction over Parker under New York law; and (3) this action should be dismissed based upon the doctrine of forum non conveniens. If the Court does not dismiss, Parker argues in the alternative that the action should be transferred to the Southern District of California pursuant

to 28 U.S.C. § 1404(a).[2]  As the Court finds that Plaintiffs failed to properly serve Parker, it will not address his additional arguments.

I. <u>Service</u>

Parker asserts that on May 2, 2013, he received a letter from Plaintiffs' counsel enclosing a Notice of Motion for Default Judgment, attached to which was a copy of the Summons and Complaint.  (Def.'s Br., Docket Entry 3-6, at 2; Parker Aff., attached as Ex. A to Docket Entry 3, ¶ 13.)  Annexed to the Notice of Motion was an Affidavit of a process server stating that on March 15, 2013, he left the Summons and Complaint with an "ADULT ASIAN FEMALE," that process was attempted on four prior occasions, and that copies of the documents were mailed.  (Def.'s Br. at 2; Parker Aff. ¶ 14.)  The Affidavit was not notarized until April 18, 2013 and was not filed with the Supreme Court until May 3, 2013.  (Def.'s Br. at 3; Parker Aff. ¶¶ 15-16.)  Moreover, according to Parker, no person fitting that description resides at Plaintiff's residence nor has Parker ever received any mailing containing the Summons

---

[2] The Court notes that Plaintiffs' opposition to Parker's motion was not timely filed.  Although the Court will nonetheless consider the opposition, the applicable local rules clearly state that "any opposing affidavits and answering memoranda shall be served within fourteen days after service of the moving papers."  E.D.N.Y. Local Civil Rule 6.1(b).  Plaintiffs have erroneously argued that they had thirty days to submit opposition papers, without providing any legal support.  (<u>See</u> Docket Entry 7.)

4

and Complaint. (Def.'s Br. at 3; Parker Aff. ¶¶ 17-18.) Accordingly, Parker asserts that service was improper, warranting dismissal pursuant to Federal Rule of Civil Procedure 12(b)(5). The Court agrees.

"'Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.'" Dynegy Midstream Servs., L.P. v. Trammochem, 451 F.3d 89, 94 (2d Cir. 2005) (quoting Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987)). When a defendant moves to dismiss the Complaint under Rule 12(b)(5), the motion must assert more than a general statement that service was inadequate. See Herzner v. U.S. Postal Serv., No. 05-CV-2371, 2007 WL 869585, at *3 (E.D.N.Y. Mar. 20, 2007). However, the plaintiff bears the burden of establishing proper service. See id.

The Federal Rules of Civil Procedure enable the plaintiff to serve the summons according to state law. Fed. R. Civ. P. 4(e)(1). Here, Plaintiffs apparently attempted service pursuant to N.Y. C.P.L.R. 308(2), which provides for service of process on an individual by leaving the summons with a "person of suitable age and discretion at the . . . dwelling place or usual place of abode of the person to be served and by . . . mailing the summons to the person to be served at his or her

last known residence . . . ." However, their attempt at service fails in a number of ways.

<u>First</u>, Parker has submitted a sworn affidavit that he resides only with his wife, "a Caucasian female" and his housekeeper, "a Hispanic female." (Parker Aff. ¶ 17.) He affirmatively states: "No Asian person has ever resided in my home, nor was an Asian female (or any other Asian person) located in my home on or about 03/15/2013." (Parker Aff. ¶ 17.) As such, the summons was not left with a person of suitable age and discretion. Plaintiffs oppose this argument by pointing to the affidavit of the process server, which states that the summons was left with an "ADULT ASIAN FEMALE." (Gold Decl., Docket Entry 5, ¶ 22 & Ex. 3[3].) However, "'the return of a private process server [under penalty of perjury] is not conclusive as to the facts of service' where 'the defendant has produced affidavits controverting the allegations of the return.'" <u>Pope v. Rice</u>, No. 04-CV-4171, 2005 WL 613085, at *13 (S.D.N.Y. Mar. 14, 2005) (quoting <u>Blue Ocean Lines v. Universal Processing Equip., Inc.</u>, No. 93-CV-1722, 1993 WL 403961, at *4 (S.D.N.Y. Oct. 7, 1993)). Significantly, Plaintiffs make no attempt at demonstrating that this "adult Asian female" was

---

[3] The Gold Declaration incorrectly cites to Exhibit 2 rather than Exhibit 3.

6

someone who resided at the residence or was otherwise suitable to accept process.

<u>Second</u>, Parker also submits a sworn affidavit stating that he never received any mailing containing the Summons and Complaint. (Parker Aff. ¶ 18.) Once again, Plaintiffs counter only by pointing to the process server's affidavit, which is not conclusive. (Gold Decl. ¶ 22 & Ex. 3.) <u>Third</u>, Parker asserts--and Plaintiffs concede--that Plaintiffs did not file proof of service within twenty days as required by N.Y. C.P.L.R. 308(2). (Gold Decl. ¶ 23 ("The Affidavit of Service was filed with the Nassau County Clerk's Office on May 3, 2013. Plaintiff [sic] concedes that the filing date was later than the statutory requirement.").) Plaintiffs' opposition merely states that "such concession does not provide a valid basis to dismiss the Complaint" because "the Defendant has timely responded to the Summons and Complaint and appeared through his attorneys . . . ." (Gold Decl. ¶ 23.) Such an assertion wholly misses the mark. Parker's appearance in this action, through his attorneys, has been limited to the instant motion, in which Parker explicitly moves for dismissal due to, <u>inter alia</u>, improper service and lack of personal jurisdiction. <u>See</u> <u>Howard v. Klynveld Peat Marwick Goerdeler</u>, 977 F. Supp. 654, 659 (S.D.N.Y. 1997) (particular limited appearances "even considered in conjunction, [did] not constitute the type or extent of

7

involvement which constitutes a waiver of jurisdictional defenses"); Index Fund, Inc. v. Hagopian, 107 F.R.D. 95, 101 (S.D.N.Y. 1985) (noting that a defendant wishing to raise insufficiency of process must do so in his "first defensive move, be it a Rule 12 motion or a responsive pleading." (internal quotation marks and citation omitted)). In any event, "'leave and mail' service under Section 308(2) is ineffective where a plaintiff does not file proof of service with the clerk within twenty days of the date on which the process server mailed the summons and complaint." Howard, 977 F. Supp. at 660.

Thus, the Court agrees with Parker that Plaintiffs did not properly serve process on him. Where service is improper, the Court may, in its discretion, dismiss the action or extend the time to effectuate proper service. See Sciotti v. Saint Gobain Containers, No. 06-CV-6422, 2007 WL 4180737, at *4 (W.D.N.Y. Nov. 20, 2007) (citing FED. R. CIV. P. 4(m) and 12(b)(5)). Federal Rule of Civil Procedure 4(m) provides that:

> [i]f a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

8

Here, though, Plaintiffs have not demonstrated good cause. "In determining whether a plaintiff has shown good cause, courts generally consider two factors: (1) the reasonableness and diligence of Plaintiff's efforts to serve, and (2) the prejudice to the Moving Defendants from the delay." Jordan v. Forfeiture Support Assocs., 928 F. Supp. 2d 588, 597 (E.D.N.Y. 2013) (internal quotation marks and citation omitted); see also Marosan v. Trocaire Coll., No. 12-CV-0151, 2013 WL 505423, at *3 (W.D.N.Y. Feb. 8, 2013) ("Good cause to excuse deficient service is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond his control." (internal quotation marks and citation omitted)). "The situation is complicated by the fact that . . . [Plaintiffs have] not asked the Court to extend the time for service," but rather maintain that service was proper or that their failure to do so is a moot point. Sciotti, 2007 WL 4180737, at *5. In fact, Plaintiffs have proffered no explanation for their untimely service. See Facey v. Equinox Holdings, Inc., No. 09-CV-4411, 2011 WL 917571, at *2 (E.D.N.Y. Feb. 15, 2011) ("Plaintiff does not dispute the representations in Equinox's letter, nor does she provide a valid excuse as to why she delayed service or failed to ask for an extension in a timely manner."), adopted by 2011 WL 864323 (E.D.N.Y. Mar. 10, 2011);

9

Carroll v. Certified Moving & Storage, Co., LLC, No. 04-CV-4446, 2005 WL 1711184, at *2 (E.D.N.Y. July 19, 2005) (finding a lack of good cause where counsel did not attempt to assert that he took steps to ensure timely service). Under such circumstances, the Court finds that Plaintiffs have not shown any good cause for their failure to timely serve.

Even in the absence of good cause, however, a court may exercise its discretion to extend the time to serve. See Jordan, 928 F. Supp. 2d at 598 (quoting Zapata v. City of N.Y., 502 F.3d 192, 196 (2d Cir. 2007)). In making this determination, courts consider the following factors:

> (1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision.

Id. (internal quotation marks and citation omitted).

These factors do not weigh in Plaintiffs' favor. Plaintiffs themselves admit that "there are no statute of limitations issues" here. (Gold Decl. ¶ 7.) Furthermore, there is nothing to indicate that Parker had actual notice or that he attempted to conceal any defect. In fact, except for some conclusory denials regarding service by Plaintiffs, both parties' submissions demonstrate that Parker was unaware of any

10

proceedings until Plaintiffs erroneously moved for a default judgment in state court. (See Parker Aff. ¶¶ 13-14 (affirming that the first time Parker received notice of the case was through a letter enclosing a Notice of Motion for Default Judgment); Gold Decl. ¶ 10 (conceding that Parker was not timely served and that, therefore, Plaintiffs' motion for a default judgment was "moot").) Finally, as to prejudice, the Court notes that Parker has made several arguments in addition to improper service, namely lack of personal jurisdiction and forum non conveniens. While the Court decides Parker's motion on the grounds of improper service and not on these additional grounds, the Court declines to extend any discretionary extension based upon the facts as presented. See Facey, 2011 WL 917571, at *3 ("The prejudice on Morero is not readily ascertainable, but based on the facts referenced above, I recommend that any discretionary extension be denied and that the amended complaint as to Defendant Morero be dismissed.").

Accordingly, Parker's motion to dismiss the Complaint against him based upon improper service is GRANTED and Plaintiffs' claims against Parker are DISMISSED WITHOUT PREJUDICE.

II. Remaining Issues

Finally, the Court notes that, although Parker has sought dismissal of Plaintiff's Complaint in its entirety, such

resolution is not possible at this juncture. Oddly, Plaintiffs wholly neglect to mention that there is another named defendant in this action--i.e., Genesis. For his part, Parker argues that "Genesis is not a party to this action; it is named in the caption but has not been served . . . Plaintiffs have never suggested that Genesis had been served or was otherwise a party to this action." (Def.'s Reply Br., Docket Entry 9, at 6.)

The Court agrees with Parker that Plaintiffs have not exhibited any intention to serve or otherwise maintain any legal action against Genesis as an independent defendant.[4] Accordingly, Plaintiffs' claims against Genesis will be dismissed absent some further explanation for Plaintiffs' lack of proceedings against it.

## CONCLUSION

For the foregoing reasons, Parker's motion to dismiss the Complaint against him is GRANTED and Plaintiffs' claims against Parker are DISMISSED WITHOUT PREJUDICE.

In addition, IT IS HEREBY ORDERED that, pursuant to Federal Rule of Civil Procedure 41(b), this case will be dismissed without prejudice against Genesis for lack of prosecution if, within fifteen days from the date of this

---

[4] Notably, when Plaintiffs moved for a default judgment in the state court action, they did so only as against Parker. (See Default Docs., attached as Ex. B to Docket Entry 3.)

12

Memorandum and Order, no further explanation for the lack of proceedings has been FILED and APPROVED by this Court.

                            SO ORDERED:

                            /s/ JOANNA SEYBERT
                            Joanna Seybert, U.S.D.J.

DATED: January 7, 2014
       Central Islip, New York